UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-561(DSD/AJB)

Lindsey Arzt,

       Plaintiff,

v.                                  **ORDER**

Bank of America, N.A.
successor by merger to
BAC Home Loans Servicing,
LP and Federal National
Mortgage Association,

       Defendants.

    Michael J. Wang, Esq. and Drewes Law, PLLC, 1516 West Lake Street, Suite 300, Minneapolis, MN 55408, counsel for plaintiff.

    Jared M. Goerlitz, Esq. and Peterson, Fram & Bergman, PA, 55 East Fifth Street, Suite 800, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motion to dismiss or, alternatively, for summary judgment by defendants and the motion for partial summary judgment by plaintiff. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants defendants' motion for summary judgment.

**BACKGROUND**

In February 2003, plaintiff Lindsey Arzt[1] executed a promissory note and a mortgage in favor of Mortgage Electronic

---

[1] Arzt was married and used the surname Isaak at the time she executed the mortgage.

Registration Systems (MERS) and its successors and assigns, as nominee for American Mortgage Network, Inc. Am. Compl. ¶ 4; Goerlitz Aff. Ex. 1. The mortgage was recorded in Dakota County. Am. Compl. ¶ 4. In August 2007, MERS assigned the mortgage to Countrywide Home Loans, Inc. (Countrywide) and recorded the assignment in Dakota County. Id. ¶ 5. On August 13, 2010, Countrywide assigned the mortgage to BAC Home Loans Servicing, LP, (BAC). The assignment was recorded on August 31, 2010. Id. ¶ 6. Defendant Bank of America, N.A. (Bank of America) is the successor by merger to BAC.

Arzt defaulted on the mortgage. Goerlitz Aff. Ex. 5. On August 16, 2010, BAC executed a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage by Corporation (Notice of Pendency). Id. Ex. 4. BAC recorded the Notice of Pendency on August 31, 2010. Id. Starting September 12, 2010, BAC published a Notice of Sale for six weeks in a local newspaper. Id. On September 17, 2010, a deputy sheriff served notice of the foreclosure sale on Arzt. Id. Ex. 5, ECF No. 9-5, at 8. Arzt states that she did not receive personal service. Arzt Aff. ¶ 2. On May 17, 2011, BAC purchased the property at a sheriff's sale. Am. Compl. ¶ 7; Goerlitz Aff. Ex. 5.

Thereafter, Arzt commenced this action against BAC in Minnesota court. In February 2012, Arzt filed an amended complaint against Bank of America and defendant Federal National Mortgage

2

Association, claiming that the foreclosure sale is invalid under Minnesota Statutes § 580.02 (Count I), §§ 580.041 and 580.03 (Counts II and III),[2] and § 580.07 (Count IV). Arzt also seeks to quiet title under Minnesota Statutes § 559.01 (Count V). Defendants timely removed and move to dismiss for failure to state a claim or, alternatively, for summary judgment. Arzt moves for partial summary judgment on Count I.

## DISCUSSION

As an initial matter, the court must determine whether to treat defendants' motion as a motion to dismiss or a motion for summary judgment. Arzt had notice that defendants seek summary judgment; she submitted, referred to and relied upon materials outside the complaint and she discussed the standard for summary judgment in her memorandum in opposition. The court considers those additional materials. Therefore, the court addresses the motion under the summary-judgment standard. See Riehm v. Engelking, 538 F.3d 952, 961–62 & 962 n.5 (8th Cir. 2008); see also Fed. R. Civ. P. 12(d).

I. **Standard of Review**

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

---

[2] Plaintiff abandoned Count II. Pl.'s Mem. Opp'n 12. Therefore, summary judgment in favor of defendants is warranted as to Count II.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

The court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex v. Catrett, 477 U.S. 317, 324 (1986). Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment, because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Minnesota Statutes § 580.02**

In Minnesota, "any mortgage of real estate containing a power of sale, upon default being made in any condition thereof, may be foreclosed by advertisement." Minn. Stat. § 580.01. Several requisites must be met before a party may foreclose by advertisement, including recording the mortgage and any assignments of the mortgage. Id. § 580.02. In addition, "[s]ix weeks' published notice shall be given that such mortgage will be foreclosed by sale." Id. § 580.03. Before publishing a Notice of

4

Sale, the mortgagee must file "a notice of the pendency of the foreclosure with the county recorder or registrar of titles in the county in which the property is located." Minn. Stat. § 580.032. "If the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void." Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W. 2d 487, 494 (Minn. 2009).

Arzt argues that the foreclosure sale is invalid because defendants did not record the assignment from Countrywide to BAC before commencing foreclosure. Specifically, Arzt argues that foreclosure commenced with the filing of the Notice of Pendency of Proceeding on August 16, 2010. Defendants respond that publication of the Notice of Sale commenced foreclosure proceedings on September 12, 2010.

In support, Arzt alters a line from Molde v. CitiMortgage, Inc., 781 N.W.2d 36 (Minn. Ct. App. 2010), to argue that the court of appeals held that a Notice of Pendency of Proceeding initiates foreclosure: "Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage ... intiate[s] the foreclosure by advertisement." Pl.'s Mem. Supp. 6 (quoting Molde, 781 N.W.2d at 43). The entire passage shows, however, that the court of appeals was merely setting forth Molde's argument: "Molde also contends that the 2007 Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage, which initiated the foreclosure by

5

advertisement, is invalid because it was executed by Wilford & Geske, not by an employee of CitiMortgage." Molde, 781 N.W.2d at 43.

The quoted passage is not a holding of the court or even relevant to its analysis. It is a throwaway line that frames the plaintiff's argument. The Molde court did not address whether a notice of pendency commences a foreclosure, and Arzt admits that "it was not relevant when the foreclosure by advertisement was commenced" in Molde. Pl.'s Reply 3. As Arzt states, "one line of dicta regarding an issue that was not litigated during an appeal" is not persuasive. Id. at 2-3. As such, the quoted passage is of little value in the present action.

When, as here, Minnesota law is uncertain, the court must predict how the Minnesota Supreme Court would resolve the issue of commencing foreclosure by advertisement under Chapter 580 of Minnesota Statutes. See Marvin Lumber & Cedar Co. v. PPG Indus., 223 F.3d 873, 876 (8th Cir. 2000). "Statutory interpretation begins with the plain language of the statute." Middle-Snake-Tamarac Rivers Watershed Dist. v. Stengrim, 784 N.W.2d 834, 840 (Minn. 2010). When a statute is ambiguous the court must "read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." Am. Family Ins. Gp. v. Schroedl, 616 N.W.2d 273, 277 (Minn. 2000). The court must "ascertain and effectuate the

6

intention of the legislature" and seek to give effect to all provisions of a law. Minn. Stat. § 645.16.

Chapter 580 does not identify the action that commences foreclosure by advertisement, and thus the court considers the law as a whole. Foreclosure by advertisement is "subject to the provisions of section 541.03." Minn. Stat. § 580.01. Section 541.03 states: "Proceedings to foreclose a real estate mortgage by advertisement shall be deemed commenced on the date of the first publication of the notice of sale." Id. § 541.03, subdiv. 2. Reference to § 541.03 supports the interpretation that the Notice of Sale is the commencing act.

The structure of § 580.02 also suggests that the Notice of Sale commences foreclosure by advertisement. The Minnesota Legislature made recording of assignments and recording the notice of pendency parallel requisites. See Minn. Stat. § 580.02(3)–(4). Adopting Arzt's interpretation of the statute leads to the illogical result that recording a Notice of Pendency is both a requisite to commencing foreclosure and the act that commences foreclosure. Commencement by publication of the Notice of Sale avoids this absurd outcome. As a result, the court finds that the Minnesota Supreme Court would determine that publication of the Notice of Sale begins foreclosure by advertisement.[3]

---

[3] The court notes that § 580.02 requires that a party provide notice of foreclosure-prevention counseling before filing the
(continued...)

The assignment of the mortgage from Countrywide to BAC was recorded on August 31, 2010. Foreclosure commenced on September 12, 2012, with the first publication of the Notice of Sale. Therefore, Arzt's argument fails, and summary judgment in favor of defendants is warranted as to Count I.

### III. Minnesota Statutes §§ 580.03 and 580.041

Arzt next alleges that the foreclosure by sale was invalid because she was not served with the requisite notices prior to the sheriff's sale. The foreclosing party must serve notice of the foreclosure sale, foreclosure advice and notice of redemption rights on the occupants of the foreclosed property. Minn. Stat. § 580.03 (requiring simultaneous compliance with § 580.041). Arzt states that she was not served. Arzt Aff. ¶ 2. As evidence of service, Bank of America submitted a sheriff's affidavit attesting to service of the required documents. Goerlitz Aff. Ex. 5.

In Minnesota, a sheriff's return of service is "strong evidence" of service. Kueffner v. Gottfried, 191 N.W. 271, 272 (Minn. 1922) (citations omitted). To overcome the presumption of delivery, the opposing party must present "unequivocal, clear, and convincing" proof that is "practically conclusive." Id. (citations

---

(...continued)
notice of pendency. If the Notice of Pendency commences foreclosure, the foreclosing party could "commence" foreclosure immediately after sending the counseling notice, rendering the counseling provisions meaningless. The court will not adopt an interpretation that fails to give effect to all parts of the statute.

omitted). Defendants argue that Arzt fails to introduce evidence sufficient to overcome her burden. Arzt argues that her affidavit stating that she did not receive service creates a genuine dispute.

Arzt bears the burden to present clear and convincing evidence that the sheriff did not serve the foreclosure notice.[4] See id. (citations omitted). Arzt presents no evidence calling into question the credibility of the sheriff in the performance of his official duties. Her self-serving affidavit and bare assertion that she did not receive service, combined with the change in her surname, without more, does not create a genuine dispute sufficient to overcome her burden to repudiate the sheriff's certificate. See Oertel v. Pierce, 133 N.W. 797, 799 (Minn. 1911) (affirming finding that burden was met when witness testimony corroborating mortgagor testimony); Peterson v. Eishen, 495 N.W.2d 223, 226 (Minn. Ct. App. 1993) (finding burden met by proof that service was not made at the party's usual place of abode). As a result, Arzt fails to show that defendants violated §§ 580.03 and 580.041, and summary judgment in favor of defendants is warranted on Count III.

## IV. Minnesota Statutes § 580.07

The party requesting postponement of a sheriff's sale must "send by first class mail to the occupant ... notice of the postponement." Minn. Stat. § 580.07. Arzt argues that the sale is

---

[4] It appears that Arzt bases some of her claims on alleged defects in the notice that she asserts she did not receive. See Am. Compl. ¶¶ 19–21, 23, 30.

9

invalid because Bank of America twice postponed the sale, but she did not receive a Notice of Postponement. Am. Compl. ¶ 40; Arzt Aff. ¶ 10. The plain and unambiguous language of the statute focuses on sending the notice; the statute makes no reference to receipt. Arzt does not allege that BAC failed to send the notices. Bank of America introduced evidence that it sent notice to Arzt by first class mail to her home address. Seidl Aff. ¶¶ 5-6. As a result, no genuine dispute of a material fact exists, and summary judgment in favor of defendants is warranted on Count IV.

**V.   Quiet Title**

Minnesota Statutes § 559.01 allows "[a]ny person in possession of real property personally or through the person's tenant ... [to] bring an action against another who claims an estate or interest therein, or a lien thereon ... for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01. In the present action, the court has already determined that the foreclosure by advertisement was valid and enforceable. Moreover, Bank of America introduced the sheriff's certificate of sale. Goerlitz Aff. Ex. 5; see Minn. Stat. § 580.19 ("Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with."). Therefore, summary judgment in favor of defendants is warranted on Count V.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for partial summary judgment [ECF No. 13] is denied;

2.   Defendants' motion to dismiss or, alternatively, for summary judgment [ECF No. 6] is granted; and

3.   The Notice of Lis Pendens filed on November 16, 2011, in Dakota County is discharged.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 31, 2012

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court